**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| UNCLE NEAREST, INC.; | ) | Case No. 3:26-bk-30470 |
| NEAREST GREEN DISTILLERY, INC.; | ) | Case No. 3:26-bk-30471 |
| UNCLE NEAREST REAL ESTATE | ) | Case No. 3:26-bk-30472 |
| HOLDINGS, LLC; | ) | Chapter 11 |
| | ) | Judge Suzanne Bauknight |
| Debtors. | ) | |

---

**NOTICE OF HEARING**

**Notice is hereby given that:**

**A hearing will be held on the *Receiver's Expedited Motion to Dismiss Bankruptcy Cases or, In the Alternative to Recognize Receiver as Authorized Representative of Debtors* on <u>Thursday, March 19, 2026, at 10:00 a.m.,</u> in Courtroom 1-C, United States Bankruptcy Court, Howard H. Baker Jr. US Courthouse, 800 Market Street, Knoxville, TN 37902.[1]**

**<u>Your rights may be affected.</u> You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.**

**If you do not want the court to grant the relief requested, you or your attorney must attend this hearing. If you do not attend the hearing, the court may decide that you do not oppose the relief sought in the *Receiver's Expedited Motion to Dismiss Bankruptcy Cases or, In the Alternative to Recognize Receiver as Authorized Representative of Debtors* and may enter an order granting that relief.**

---

**RECEIVER'S EXPEDITED MOTION TO DISMISS BANKRUPTCY CASES
OR, IN THE ALTERNATIVE TO RECOGNIZE RECEIVER AS
<u>AUTHORIZED REPRESENTATIVE OF THE DEBTORS</u>**

      **COMES NOW** Phillip G. Young, Jr. (the "Receiver"), the duly-appointed receiver for

Uncle Nearest, Inc. ("Uncle Nearest"), Nearest Green Distillery, Inc. ("Nearest Green"), and Uncle

---

[1] See concurrently filed Motion to Set Expedited Hearings.

Nearest Real Estate Holdings, LLC ("UNRE") (Uncle Nearest, Nearest Green, and UNRE collectively, the "Receivership Entities") pursuant to an Order Appointing Receiver entered by Judge Atchley of the United States District Court for the Eastern District of Tennessee on August 22, 2025 (Case 4:25-cv-00038 (the "Receivership Case"), Doc. 39) (the "Receivership Order), and respectfully requests that this Court dismiss the three bankruptcy cases (the "Bankruptcy Cases") filed by the Receivership Entities. In the alternative, the Receiver respectfully requests that the Court deem the Receiver to be the exclusive authorized representative of the Receivership Entities. Finally, the Receiver would respectfully request that the Court consider this Motion on an expedited basis.[2] In support hereof, the Receiver represents as follows.

## BACKGROUND

1.      On July 28, 2025, Farm Credit Mid-America, PCA ("FMCA") filed a Verified Complaint and Request for Appointment of Receiver with the United States District Court for the Eastern District of Tennessee against Defendants Uncle Nearest, Inc., Nearest Green Distillery, Inc., Uncle Nearest Real Estate Holdings, LLC, Fawn Weaver, and Keith Weaver, thus initiating the Receivership Case.  On August 22, 2025, the District Court entered an Order Appointing Receiver (the "Receivership Order").  A true and correct copy of the Receivership Order is attached hereto as Exhibit 1.

2.      The Receivership Order is robust and gives the Receiver broad authority to exercise exclusive control over the assets and operations of all of the receivership entities, including Uncle

---

[2] The Receiver is aware that there is a pending request to set an expedited hearing on other motions in these matters for March 19, 2026.  The Receiver believes it is imperative that the Court hear this Motion before, or contemporaneous with, those other expedited motions.  While the Receiver would prefer additional time to make travel arrangements or, alternatively, be afforded the opportunity to appear virtually, he will be ready to present this Motion on March 19, 2026, if necessary.

Nearest, Nearest Green, and UNRE. For example, the Receivership Order provides that the Receiver is:

> exclusively vested with: (a) all the powers of officers, directors, members, and/or managers (as applicable) of Uncle Nearest and the Subject Entities to take (or refrain from taking) any and all actions on behalf of Uncle Nearest and the Subject Entities and (b) each of Uncle Nearest's and the Subject Entities' rights and powers to act on behalf of any other entity (including as an officer, director, manager, or equity holder), including, without limitation, each Subject Entity, to direct such other entity to take (or refrain from taking) any action in furtherance of the terms under this Order, in each case, until further Order of the Court.

Receivership Order ¶ 9 (emphasis added).[3] Importantly, the Receivership Order also explicitly provides that: "The Receiver is authorized to commence a proceeding under title 11 of the United States Code of Uncle Nearest and the Subject Entities." Receivership Order ¶ 10(q) (emphasis added). The District Court included an injunction, enjoining the receivership entities and "each of their officers, directors, employees, agents, assigns, or any other persons" from "[i]interfering with, obstructing, or preventing in any way, the Receiver's actions pursuant to this Order, including, but not limited to, any and all actions that may damage the brand an reputation of the Receivership Assets in any form, whether written, verbal, and disseminated through any medium" and from "[i]nterfering in any other way with the Receiver, directly or indirectly." Receivership Order ¶ 11. Finally, the District Court provided that all persons, including employees, officers and directors, "are enjoined and retrained from in any way disturbing, interfering or affecting the Receivership Assets of the administration of the receivership estate." Receivership Order ¶ 12.[4]

3.      Fawn Weaver and her counsel in the Receivership Case have both constructive and actual knowledge of the Receivership Order and its contents. In fact, the Receiver has specifically

---

[3] The Receivership Order defines "Uncle Nearest" to include Uncle Nearest, Inc., Nearest Green Distillery, Inc., and Uncle Nearest Real Estate Holdings, LLC.
[4] Fawn Weaver is an officer, director, employee and shareholder.

discussed with both Fawn Weaver and her counsel the Receiver's exclusive authority to file for bankruptcy relief on behalf of Uncle Nearest and the Subject Entities.

4.      If there was any ambiguity about the depth and breadth of the Receiver's control over the Receivership Entities, the District Court eliminated that ambiguity in December 2025. In its Order (Case 4:25-cv-00038, Doc. 89) dated December 22, 2025, the District Court struck both a Response filed by Fawn Weaver and Keith Weaver on behalf of the Receivership Entities and a notice of appearance filed by Manier & Herod, P.C. on behalf of the Receivership Entities.  In so ordering, the District Court ruled that "only the Receiver may represent the Defendant Companies' interests in this litigation."

5.      Despite the clear orders of the District Court that the Receiver, and only the Receiver, could act on behalf of the Receivership Entities, on March 17, 2026, Fawn Weaver signed and filed bankruptcy petitions in these cases on behalf of the Receivership Entities. The Receiver forwarded the Receivership Order to the Receivership Entities' bankruptcy counsel, Kelli Holmes of Tarpy, Cox, Fleishman & Leveille, PLLC, and asked counsel to dismiss the petition. Counsel responded, saying she was "well aware of the District Court's order appointing a receiver," but refused to withdraw the petitions.  Emails between the Receiver and Ms. Holmes are attached hereto as Exhibit 2.

## DISMISSAL FOR LACK OF JURISDICTION

6.      Fawn Weaver does not have authority under Tennessee law to file bankruptcy petitions on behalf of the Receivership Entities.  That authority rests solely with the Receiver pursuant to the clear and unequivocal terms of the Receivership Order entered by the District Court.  Fawn Weaver acted unlawfully and without any corporate authority when she signed and

filed bankruptcy petitions in this Court on behalf of the Receivership Entities. Accordingly, this Court lacks subject matter jurisdiction to administer these bankruptcy cases.

7.      "The filing of a bankruptcy petition commences a 'case' under the Bankruptcy Code and establishes subject matter jurisdiction for the court, pursuant to 28 U.S.C. § 1334." *In re Cinch Wireline Servs., LLC*, 2025 Bankr. LEXIS 665, *22 (Bankr. W.D. Tex. 2025) (citations omitted). However, it is state law that determines who has the authority to bind a corporate entity to a voluntary bankruptcy filing. *See In re 530 Donelson, LLC*, 660 B.R. 887, 890 (Bankr. M.D. Tenn. 2024) (citing *Union Planters Nat'l Bank v. Hunters Horn Assocs. (In re Hunters Horn Assocs.)*, 158 B.R. 729, 730 (Bankr. M.D. Tenn. 1993)). If one who purports to act on behalf of a corporation has not been granted authority under state law to initiate a bankruptcy proceeding, the Court has no alternative but to dismiss the bankruptcy case. *See Price v. Gurney*, 324 U.S. 100, 106 (1945); *DB Capital Holdings, LLC v. Aspen HH Ventures, LLC (In re DB Capital Holdings, LLC)*, 2010 Bankr. LEXIS 4176, *7 (10th Cir. BAP 2010) ("A bankruptcy case filed on behalf of an entity without authority under state law to act for that entity is improper and must be dismissed."). State law includes decisions and orders of courts within the state. *See Tenneco West, Inc. v. Marathon Oil Co.*, 756 F.2d 769, 771 (9th Cir. 1985).

8.      The general rule within the Sixth Circuit is that the appointment of a receiver under a typical order and injunction does not prevent the managers of an entity from filing a bankruptcy petition. *In re 530 Donelson, LLC*, 660 B.R. at 891. If a "court intends a receivership order to deprive a company of the right to file bankruptcy, it must expressly state its intent to deviate from the general rule that a receivership will not affect bankruptcy rights." *Id.* at 892.

9.      However, when a receivership order provides that the court-appointed receiver is the one with the authority to file bankruptcy (even if it does not expressly prevent the debtor from

filing), federal courts have enforced those provisions. *See El Torero Licores v. Raile (In re El Torero Licores)*, 2013 U.S. Dist. LEXIS 179953, *17 (C.D. Cal. 2013) ("The Receivership Order, however, does not divest Debtor from its power to seek bankruptcy protection; rather, the order identifies *who* has the power to file the bankruptcy petition on behalf of the Debtor.") (emphasis in original); *Citizens & Northern Bank v. Pembrook Pines Mass Media, N.A., Corp.*, 2012 U.S. Dist. LEXIS 47174, *10 (W.D.N.Y. 2012) ("Here, the [order] does not prevent Pembrook from voluntarily filing a petition in Bankruptcy Court. Instead, it gives the authority to make that decision to the Receiver."); *Sino Clean Entergy, Inc. v. Seiden (In re Sino Clean Energy, Inc.)*, 901 F.3d 1139, 1141-42 (9th Cir. 2018) (affirming order dismissing bankruptcy petition when board members who attempted to authorize a bankruptcy filing had been removed under the receivership order).

10.     Here, the Receivership Order specified *who* had the authority under state law to file a bankruptcy petition on behalf of the Receivership Entities in Paragraph 10(q); that was the Receiver. But the Receivership Order did not stop with specifically authorizing the Receiver to file a bankruptcy petition. Paragraph 9 of the Receivership Order vested the Receiver with *exclusive* authority to exercise "all the powers of officers, directors, members, and/or managers". Since only an officer, director, member or manager would have the authority to sign a bankruptcy petition on behalf of a corporation, that authority now rests exclusively with the Receiver.

11.     Not only does the Receivership Order govern who has the authority to file a bankruptcy petition, it specifically forbids and enjoins certain people from interfering with the Receiver's exclusive authority to administer the estates of the Receivership Entities. Paragraph 11 of the Receivership Order explicitly enjoins "officers, directors, employees, agents, assigns, or any other persons" from interfering with the Receiver's court-appointed duties. Fawn Weaver is an

officer, director and employee of the Receivership Entities; bankruptcy counsel in these cases are agents. They are in violation of the District Court's injunction.[5]

12.     This Court has jurisdiction to determine whether it has subject matter jurisdiction over the Receivership Entities. *United States v. Ruiz,* 536 U.S. 622, 628 (2002). Because the petitions were unlawfully filed by an individual not authorized under state law to bind the Receivership Entities, this Court lacks subject matter jurisdiction in these matters and all three bankruptcy cases must be dismissed.

## DISMISSAL FOR BAD FAITH

13.     11 U.S.C. § 1112(b)(1) provides that "the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate." "In addition to the examples of cause included in § 1112(b)(4), a debtor's bad faith in filing the Chapter 11 case can provide cause for dismissal." *In re 530 Donelson, LLC*, 2024 Bankr. 1218, *8-9 (Bankr. M.D. Tenn. 2024) (citing *Trident Assocs. Ltd. P'ship v. Metropolitan Life Ins. Co. (In re Trident Assocs. Ltd. P'ship),* 52 F.3d 127, 130 (6th Cir. 1995)).

14.     There is no bright line test to determine good faith versus bad faith. Rather, courts within the Sixth Circuit evaluate the totality of the facts in determining whether a case has been filed in bad faith. The Sixth Circuit has provided a list of non-exclusive factors to act as a guide in making this determination; those factors include:

(1) the debtor has one asset;
(2) the pre-petition conduct of the debtor has been improper;

---

[5] The Receiver has filed a motion with the District Court asking it to assess sanctions for violations of its Receivership Order; therefore, it would be duplicative to ask this Court to award sanctions as well.

(3) there are only a few unsecured creditors;
(4) the debtor's property has been posted for foreclosure, and the debtor has been unsuccessful in defending against the foreclosure in state court;
(5) the debtor and one creditor have proceeded to a standstill in state court litigation, and the debtor has lost or has been required to post a bond which it cannot afford;
(6) the filing of the petition effectively allows the debtor to evade court orders;
(7) the debtor has no ongoing business or employees; and
(8) the lack of possibility of reorganization.

*Trident Assocs.*, 52 F.3d at 131 (quoting *Laguna Assocs. Ltd. P'ship v. Aetna Cas. & Sur. Co. (In re Laguna Assoc. Ltd. P'ship)*, 30 F.3d 734, 738 (6th Cir. 1994)).  Several of these factors are present in this case.  First, the pre-petition conduct of the debtor has been improper – attempting to file a bankruptcy petition in blatant violation of an injunction is certainly not proper.  Second, the Receivership Entities and FCMA are embroiled in litigation in the District Court, and the Receivership Entities "lost" when the District Court entered the Receivership Order.

15.    However, the most telling factor – and the one that the Receiver believes is determinative in this matter – is that the three petitions filed in this Court are in furtherance of the Receivership Entities' and Fawn Weaver's attempts to evade orders of the United States District Court for the Eastern District of Tennessee.[6]  A number of courts have found that a bankruptcy filed for the purpose of relitigating a receivership order, or derailing a receiver's administration of an estate, constitutes bad faith and is cause for dismissal under 11 U.S.C. § 1112(b).  *See, e.g., In re Traxcell Techs, LLC*, 657 B.R. 453, 460 (Bankr. W.D. Tex 2024) (holding that a bankruptcy filed for the purpose of "removing the receivership so [debtor] can proceed with its business operations" was bad faith warranting dismissal under § 1112(b)); *In re High Plains Mesa Holdings, LP,* 2021 Bankr. LEXIS 3624 at *30 (Bankr. E.D. Cal. 2021)

---

[6] Fawn Weaver has not attempted to hide the true purpose of these filings. Immediately after filing these cases, she published a press release announcing that these bankruptcy filings brought "the court-appointed receivership to an end."  *See* Press Release attached hereto as Exhibit 3.

(holding that a debtor's bankruptcy filing to prevent a receiver from selling the debtor's assets in an orderly liquidation was bad faith and cause for dismissal under § 1112(b)); *In re Forest Hill Funeral Home & Mem. Park – East, LLC,* 364 B.R. 808, 822 (Bankr. E.D. Okla. 2007) (a bankruptcy filing to "escape" receivership proceedings in state court was bad faith pursuant to § 1112(b)(1)).

16.     Based upon well-established case law and the factors articulated by the Sixth Circuit Court of Appeals, this Court should find that these three cases were filed in bad faith. Once this Court reaches that decision, it *must* either dismiss the case or convert it to one under Chapter 7.  The Receiver is approximately four (4) months into a marketing campaign for the sale of the Receivership Entities as a going concern; interrupting that progress with a conversion to Chapter 7 would not be in the best interest of the creditors of these debtors.  Rather, the Court should simply dismiss these cases, return jurisdiction to the District Court (who has overseen these matters for more than eight months), and allow the Receiver to shepherd these entities through an organized sale process.

17.     Accordingly, this Court should find that these three bankruptcy cases were filed in bad faith and that dismissal pursuant to 11 U.S.C. § 1112(b) is in the best interest of creditors.

**RECEIVER IS THE AUTHORIZED REPRESENTATIVE OF DEBTORS**

18.     These cases should be dismissed because this Court lacks jurisdiction (as they were not initiated by an authorized representative of the Debtor) and because they were filed in bad faith.  Alternatively, if the Court determines that these cases should not be dismissed, the Receiver respectfully requests that the Court enter an order declaring him to be the exclusive authorized representative of the Receivership Entities (the debtors herein).

19.     As detailed above, the District Court's Receivership Order granted the Receiver, and the Receiver *exclusively,* "all the powers of officers, directors, members, and/or managers". Receivership Order ¶ 9.  With the exclusive power to serve as officer, director, member, and manager of these three debtor entities, only the Receiver is authorized to operate the business of the Receivership Entities (whether inside bankruptcy or outside).  If the Court is otherwise disinclined to dismiss these cases, it should at least explicitly order that the Receivership Entities must be controlled by the Receiver, barring later appointment of a trustee.

WHEREFORE, the Receiver respectfully requests that this Court enter an Order which:

A.     Finds that Fawn Weaver was not authorized to file petitions on behalf of the Receivership Entities;

B.     Dismisses all three of these bankruptcy cases for lack of subject matter jurisdiction;

C.     Dismisses all three of the bankruptcy cases pursuant to 11 U.S.C. § 1112(b) for bad faith;

D.     Alternatively, declares that the Receiver is the exclusive authorized representative for the Receivership Entities; and/or

E.     Grants such other relief that the Court deems just and proper.

Dated this 18th day of March, 2026.

By:     /s/ Justin T. Campbell
        Justin T. Campbell, Tn. Bar No. 31056
        Thompson Burton PLLC
        1801 West End Avenue, Suite 1550
        Nashville, Tennessee 37203
        Voice: (615) 465-6015
        Fax:    (615) 807-3048
        Justin@thompsonburton.com

        *Counsel for Receiver*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via the Court's ECF system and served via United States Mail and electronic mail on the following parties:

Lynn Tarpy
Kelli D. Holmes
Tarpy, Cox, Fleishman & Leveille, PLLC
Landmark Center North Tower
1111 N. Northshore Drive, Suite N-290
Knoxville, TN 37919
Ltarpy@tcflattorneys.com
kholmes@tcflattorneys.com

Office of the United States Trustee
800 Market Street
Suite 114
Knoxville, TN 37902

This 18th day of March 2026.

/s/ Justin T. Campbell.
Justin T. Campbell