**UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TENNESSEE**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **UNCLE NEAREST, INC,** | § | **Case No.: 3:26-bk-30470-SHB** |
| | § | |
| Debtor In Possession. | § | **Chapter 11** |
| | | |
| **IN RE:** | § | |
| | § | |
| **NEAREST GREEN DISTILLERY, INC.,** | § | **Case No.: 3:26-bk-30471-SHB** |
| | § | |
| Debtor In Possession. | § | **Chapter 11** |
| | | |
| **IN RE:** | § | |
| | § | |
| **UNCLE NEAREST REAL ESTATE HOLDINGS, LLC,** | § | **Case No.: 3:26-bk-30472-SHB** |
| | § | |
| Debtor In Possession. | § | **Chapter 11** |

**DEBTOR'S RESPONSE IN OPPOSITION TO RECEIVER'S EXPEDITED MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO RECOGNIZE RECEIVER AS AUTHORIZED REPRESENTANTIVE**

Comes the Debtor, by and through counsel, and hereby submits this Response in Opposition to the Receiver's Expedited Motion to Dismiss Bankruptcy Cases or, in the Alternative, to Recognize Receiver as Authorized Representative (the "Motion"), and respectfully states as follows:

### I.    PRELIMINARY STATEMENT

The Receiver's Motion is premised on the assertion that the Debtors lacked authority to file these Chapter 11 cases due to the existence of a prepetition receivership imposed by the United States District Court. That premise is incorrect. Under controlling authority, the appointment of a receiver, even one vested with broad operational authority, does not divest a debtor of its right to

1

seek bankruptcy relief absent an express and unequivocal provision to that effect. The Receivership Order at issue contains no such language.

Instead, the Order merely authorizes the Receiver to commence a bankruptcy proceeding; it does not make that authority exclusive, nor does it expressly prohibit the Debtors or their managers from filing. The Receiver's attempt to transform that grant of authority into exclusivity is contrary to governing law.

The Motion also improperly attempts to recast a dispute regarding corporate authority as a jurisdictional defect and to rely on a district court ruling regarding representation in separate litigation as a basis to limit the Debtors' bankruptcy rights. Neither argument withstands scrutiny.

Finally, the Receiver's alternative argument - that these cases were filed in bad faith - misapplies Sixth Circuit precedent and overstates the authority on which it relies. When the proper totality-of-the-circumstances analysis is applied, dismissal is not warranted. Because the Receivership Order does not expressly divest the Debtors of authority to file, and because any such divestiture would raise serious federal preemption concerns, the Motion should be denied.

## II.    FACTUAL BACKGROUND

On August 22, 2025, the United States District Court for the Eastern District of Tennessee entered an Order Appointing Receiver (the "Receivership Order"). The Receivership Order grants the Receiver broad authority over the Debtors' assets and operations, including the ability to act in the place of officers, directors, and managers and to control the Debtors' business affairs.

The Receivership Order also provides that the Receiver is authorized to commence a proceeding under title 11 of the United States Code on behalf of the Debtors. Notably, however,

2

the Order does not contain any language expressly prohibiting the Debtors or their managers from

filing a bankruptcy petition, nor does it state that the Receiver's authority is exclusive.

On March 17, 2026, the Debtors filed voluntary petitions for relief under Chapter 11 of the

Bankruptcy Code. The following day, the Receiver filed the instant Motion seeking dismissal of

the cases or, alternatively, recognition as the Debtors' sole authorized representative.

## III.    ARGUMENT

### A.  THE RECEIVER'S ARGUMENT DOES NOT DEPRIVE THIS COURT OF SUBJECT MATTER JURISDICTION

The Receiver's contention that these cases must be dismissed for lack of subject matter

jurisdiction conflates a question of corporate authority with a question of jurisdiction. The filing

of a bankruptcy petition invokes this Court's jurisdiction under 28 U.S.C. § 1334, and any dispute

regarding the authority of those who filed the petition is resolved within that jurisdiction, not as a

basis to defeat it.

The Supreme Court's decision in *Price v. Gurney* confirms that courts must determine

whether a filing was authorized under applicable law, but it does not transform that inquiry into a

jurisdictional bar. *Price v. Gurney*, 324 U.S. 100, 106, 65 S. Ct. 513, 89 L. Ed. 776 (1945).

Accordingly, the Receiver's jurisdictional argument fails as a matter of law.

### B. UNDER  CONTROLLING  SIXTH  CIRCUIT  AUTHORITY,  THE APPOINTMENT  OF  A  RECEIVER  DOES  NOT  DIVEST  THE  DEBTOR  OF AUTHROITY TO FILE BANKRUPTCY ABSENT EXPRESS LANGUAGE

Authority to file a bankruptcy petition is determined by applicable state law, but courts

have consistently recognized that the appointment of a receiver, even one vested with broad

operational control, does not, by itself, deprive a debtor or its management of the ability to seek

relief under the Bankruptcy Code. As explained in *In re 530 Donelson, LLC*, the general rule is

that a receivership does not divest bankruptcy authority unless the order appointing the receiver contains clear and specific language eliminating that right. *In re 530 Donelson, LLC*, 660 B.R. 887, 891 (Bankr. M.D. Tenn. 2024).

This principle does not turn on whether the receivership was imposed by a state court or a federal district court. Rather, the dispositive inquiry is whether the order expressly and unequivocally restricts the debtor's ability to file bankruptcy. General grants of authority to a receiver, or provisions placing control of operations in the receiver, are insufficient to effect such a divestiture.

Applying that standard here, the Receivership Order does not divest the Debtors of authority to commence these Chapter 11 cases. The Order contains no language expressly prohibiting the Debtors or their managers from filing a bankruptcy petition, nor does it state that the Receiver possesses exclusive authority to do so. Instead, it provides only that the Receiver is authorized to file a bankruptcy petition on behalf of the Debtors.

Courts routinely distinguish between a grant of authority and a grant of exclusive authority, and nothing in the Receivership Order supports the latter. If exclusivity were intended, it could - and under controlling authority, must - have been stated explicitly. The absence of such language is dispositive.

This conclusion is further reinforced by the fact that courts have recognized specific mechanisms by which a receivership order may eliminate or restrict a debtor's authority to act, such as expressly removing corporate officers, restructuring governance, or vesting exclusive authority in the receiver. See *In re 530 Donelson, LLC*, 660 B.R. 887 (Bankr. M.D. Tenn. 2024). The Receivership Order here does none of those things. It does not remove the Debtors' managers

or officers, alter the corporate structure, or expressly vest exclusive authority in the Receiver to commence a bankruptcy case. The absence of such measures confirms that no divestiture of authority occurred.

General provisions granting the Receiver control over operations or authority to act on behalf of the Debtors do not, without more, eliminate the Debtors' ability to seek bankruptcy relief. To hold otherwise would require the Court to infer a waiver of a federally protected right from silence, which the governing case law does not permit. Accordingly, because the Receivership Order lacks the express language required to divest the Debtors of authority, the filing of these Chapter 11 cases was proper.

**C. ANY ATTEMPT TO DIVEST BANKRUPTCY RIGHTS WOULD BE PREEMPTED BY FEDERAL LAW**

Even if the Receivership Order could be construed as granting exclusive authority to the Receiver, such a construction would raise serious federal preemption concerns. The right to seek bankruptcy relief arises under the Constitution's Bankruptcy Clause and is implemented through a comprehensive federal statutory scheme designed to provide uniform treatment of debtors and creditors.

Courts have repeatedly recognized that bankruptcy is an area of exclusive federal concern in which jurisdiction is "exclusive and paramount." *In re Yaryan Naval Stores Co.*, 214 F. 563, 565 (6th Cir. 1914). As a result, neither state courts nor other proceedings may impose additional restrictions that interfere with a debtor's access to bankruptcy relief.

In *In re Stewart*, the court addressed a situation in which a prior court order purported to prohibit a debtor from filing bankruptcy and held that such a restriction was unenforceable because it conflicted with federal law and the Supremacy Clause. *In re Stewart*, No. 24-32471, 2025 WL

715494, at *2 (Bankr. N.D. Ohio Mar. 5, 2025). The court explained that eligibility to file bankruptcy is governed by federal statute and that courts may not impose additional filing restrictions beyond those set forth in the Bankruptcy Code. *Id*.

That principle applies with equal force here. Whether imposed by a state court or a federal district court, an order cannot be interpreted to eliminate a debtor's right to seek bankruptcy relief absent clear and express language, and even then, such a restriction would be subject to preemption. Federal law is so pervasive in the bankruptcy context that it occupies the field, and any conflicting limitations must yield. Accordingly, any interpretation of the Receivership Order that would deprive the Debtors of the ability to file bankruptcy would be inconsistent with federal law and cannot be sustained.

### D. THE DISTRICT COURT'S RULING REGARDING REPRESENTATION IN LITIGATION IS IRRELEVANT

The Receiver's reliance on the district court's statement that only the Receiver may represent the Debtors in the underlying litigation is misplaced. That ruling addresses who may appear on behalf of the Debtors in a specific case; it does not address, and cannot reasonably be extended to govern, the Debtors' right to commence a bankruptcy proceeding.

The authority to represent an entity in litigation is distinct from the authority to file a bankruptcy petition. Nothing in the district court's ruling purports to eliminate the Debtors' bankruptcy rights, and the Receiver's attempt to expand that ruling beyond its context should be rejected.

### E. THE RECEIVER HAS NOT ESTABLISHED "CAUSE" OR BAD FAITH UNDER 11 U.S.C. § 1112(b)

The Receiver alternatively seeks dismissal under 11 U.S.C. § 1112(b), asserting that these cases were filed in bad faith. That argument fails under the governing totality-of-the-circumstances

6

standard. Although § 1112(b) permits dismissal for "cause," and bad faith may constitute such cause, the Sixth Circuit has made clear that the analysis is fact-intensive and no single factor is dispositive. See *Trident Assocs. Ltd. P'ship v. Metro. Life Ins. Co.*, 52 F.3d 127, 130–31 (6th Cir. 1995); *Laguna Assocs. Ltd. P'ship v. Aetna Cas. & Sur. Co.*, 30 F.3d 734, 737–38 (6th Cir. 1994). Courts consider a number of non-exclusive factors, including:

(1) whether the debtor has a single asset;
(2) whether the debtor engaged in improper prepetition conduct;
(3) whether there are few unsecured creditors;
(4) whether the debtor's property is subject to foreclosure or similar pressure;
(5) whether the case is essentially a two-party dispute;
(6) whether the filing seeks to evade or frustrate court orders;
(7) whether the debtor lacks ongoing business operations; and
(8) whether there is a reasonable likelihood of reorganization.

See *Trident Assocs. Ltd. P'ship v. Metro. Life Ins. Co.* (In re Trident Assocs. Ltd. P'ship), 52 F.3d 127, 130–31 (6th Cir. 1995); *Laguna Assocs. Ltd. P'ship v. Aetna Cas. & Sur. Co.* (In re Laguna Assocs. Ltd. P'ship), 30 F.3d 734, 738 (6th Cir. 1994).

When considered in their entirety, these factors do not support dismissal. The Debtors are operating businesses with ongoing operations and multiple stakeholders, not single-asset entities created on the eve of bankruptcy. There has been no showing of improper prepetition conduct, nor is this a two-party dispute capable of resolution outside the bankruptcy process. Unlike the debtor in *Laguna*, the Debtors here are not a single-asset entity created to forestall creditor action, but rather operating businesses seeking to stabilize and rehabilitate declining performance through a restructuring process.

The Debtors' good faith is further demonstrated by the operational realities that led to the filing. Prior to the receivership, the Debtors experienced sustained growth across multiple business segments, including retail performance and distillery visitation. As reflected in contemporaneous

7

data, that trajectory reversed markedly during the receivership period, with declines in both sales performance and visitor trends following the Receiver's appointment. See **Exhibit A**.

At the same time, the Debtors observed that operational decisions affecting liquidity, vendor relationships, and day-to-day business functions were increasingly influenced by a single secured creditor during the receivership. This dynamic limited the Debtors' ability to conduct ordinary business operations and contributed to the deterioration of enterprise value.

In these circumstances, the decision to seek relief under Chapter 11 cannot reasonably be characterized as an attempt to evade court orders or relitigate prior proceedings, but instead reflects a good-faith effort to preserve going-concern value and provide a structured, court-supervised process in which all stakeholders, not just a single creditor, can participate. Such use of the Bankruptcy Code is consistent with its core purpose and weighs strongly against any finding of bad faith.

The Receiver's suggestion that the filings were intended to evade court orders mischaracterizes the Debtors' actions. The Debtors exercised their statutory right to seek relief under the Bankruptcy Code, and the invocation of that right cannot constitute bad faith merely because it alters the forum in which disputes are resolved.

In addition, the Receiver overstates the holding of *In re Traxcell Technologies, LLC*. In that case, the court evaluated bad faith based on the totality of the circumstances, with the debtor's attempt to relitigate a receivership serving as one factor among several - not a dispositive rule. *In re Traxcell Techs., LLC*, 657 B.R. 453, 467 (Bankr. W.D. Tex. 2024). The Receiver has not demonstrated the type of cumulative circumstances present in *Traxcell* that would justify dismissal here.

The Receiver's position is also internally inconsistent. On the one hand, the Receiver relies on *In re 530 Donelson, LLC* to argue that state law governs authority to file bankruptcy; on the other hand, the Receiver contends that the Debtors' exercise of that authority constitutes bad faith. Those positions cannot be reconciled. If the Debtors retained authority to file, then the exercise of that authority cannot simultaneously serve as a basis for dismissal. Accordingly, the Receiver has failed to establish "cause" under § 1112(b).

## IV.   CONCLUSION

For the foregoing reasons, the Receiver has failed to establish any basis for dismissal of these Chapter 11 cases. The Receivership Order does not expressly divest the Debtors of authority to file bankruptcy, and the Receiver's attempt to infer such a limitation is contrary to controlling law. Even if such a restriction could be implied, it would raise significant federal preemption concerns and cannot be reconciled with the Bankruptcy Code's comprehensive and uniform framework.

The Receiver's alternative argument under 11 U.S.C. § 1112(b) likewise fails. When evaluated under the totality of the circumstances, the record demonstrates that these cases were filed in good faith as part of a legitimate effort to preserve going-concern value, stabilize operations, and provide an orderly and equitable process for all stakeholders.

Accordingly, the Debtors respectfully request that this Court deny the Receiver's Motion in its entirety, permit these Chapter 11 cases to proceed, and grant such other and further relief as the Court deems just and proper.

Respectfully submitted this 18th day of March, 2026.

*s/Kelli D. Holmes*
Kelli D. Holmes (042256)
Lynn Tarpy (006017)
Tarpy, Cox, Fleishman & Leveille, PLLC
1111 N. Northshore Drive, Suite N-290
Knoxville, Tennessee 37919
(865) 588-1096
kholmes@tcflattorneys.com
ltarpy@tcflattorneys.com


**CERTIFICATE OF SERVICE**

I hereby certify that on March 18, 2026, a true and correct copy of the foregoing Response in Opposition to Receiver's Expedited Motion to Dismiss or, in the Alternative, to Recognize Receiver as Authorized Representative and Exhibit A have been served upon the U.S. Trustee through the Court's electronic filing system, and via First Class Mail and email correspondence upon the following party:

Justin Campbell
1801 West End Avenue, Suite 1550
Nashville, Tennessee 37203
justin@thompsonburton.com


*s/Kelli D. Holmes*
Kelli D. Holmes

10